UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Criminal Case No. 17-20361

Terrell Dysart,

                                            Sean F. Cox
    Defendant.                         United States District Court Judge

_____/

## **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant has been indicted on charges of: 1) sex trafficking of a minor (with force, fraud, or coercion), 18 U.S.C. § 1591; 2) receipt of child pornography, § 18 U.S.C. 2251A(a)(2); and 3) possession of child pornography, § 18 U.S.C. § 2252A(a)(5)(B). This matter is before the Court on Defendant's August 31, 2017 Motion to Dismiss (Doc. # 27). Defendant appeared before the Court on October 25, 2017 for a hearing on this motion. For the reasons below, the Court shall DENY the Motion to Dismiss.

Under FED. R. CRIM. P. 12(b)(3), a defendant may challenge a defect in the indictment. The interpretation of the indictment is generally limited to its four corners. *United States v. Ferguson*, 681 F.3d 826, 831 (6th Cir. 2012). An indictment must contain the elements of the charged offense, fairly inform the defendant of the charges faced, and enable defendant to plead double jeopardy in a subsequent prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117; 94 S.Ct. 2887; 41 L.Ed.2d. 590 (1974). Generally, an indictment is sufficient if it states the offense using the words of the statute itself and includes a statement of facts and circumstances that will inform the accused of the specific offense for which he is charged. *Id*.

When evaluating an indictment, a court should not rule upon the sufficiency of the Government's evidence before trial. *See United States v. Calandra*, 414 U.S. 338, 345; 94 S.Ct. 613; 38 L.Ed.2d 561 (1974) ("[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . ."); *United States v. Short*, 671 F.2d 178, 182-83 (6th Cir. 1982).

Defendant has not alleged a cognizable defect in the indictment. He does not contend that the indictment omits the elements of the charged offenses or fails to provide notice of the charges faced. Instead, Defendant argues that the Government lacks sufficient evidence to prove the charges. But this is not a valid reason to dismiss the indictment. *Calandra*, 414 U.S. at 345. Looking to the four corners of the indictment, there is no defect justifying dismissal. All three of the charged counts track the text of the relevant statutes and include facts sufficient to inform Defendant of the specific offenses for which he has been charged. Therefore, because Defendant has not shown a defect in the indictment, the Court shall DENY Defendant's Motion to Dismiss.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy  
Case Manager