UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff / Respondent,

                                  Criminal Case No. 17-20361
v.                                      Civil Case No. 19-12317

Terrell Dysart,                       Sean F. Cox
                                             United States District Court Judge

    Defendant / Petitioner.
_____/

## OPINION AND ORDER DENYING DYSART'S 28 U.S.C. § 2255 MOTION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Defendant-Petitioner Terrell Dysart pleaded guilty to sex trafficking a child, in violation of 18 U.S.C. § 1591. The Court sentenced him to 235 months' imprisonment, the top of his Guidelines range. Acting *pro se*, Dysart has now filed a habeas petition under 28 U.S.C. § 2255, asking the Court to vacate his conviction and sentence. Dysart offers two reasons for why he is entitled to relief. First, he argues that Congress exceeded its authority and encroached on the State of Michigan's sovereignty when it enacted 18 U.S.C. § 1591. Second, he argues that his Guidelines were incorrectly scored. Because the files and records of the case conclusively show that Dysart is not entitled to habeas relief, an evidentiary hearing is not necessary and the matter is ripe for the Court's decision.

For the reason below, the Court will deny Dysart's § 2255 motion and decline to issue a certificate of appealability.

## BACKGROUND

On December 12, 2017, a grand jury indicted Dysart on four charges: (1) sex trafficking of

1

a child, in violation of 18 U.S.C. § 1591 ("Count I"); (2) production of child pornography, in violation of 18 U.S.C. § 2251(a) ("Count II"); (3) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) ("Count III"); and (4) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 39).

On April 20, 2018, Dysart and the Government entered into a Rule 11 plea agreement. (ECF No. 51). Under this agreement, Dysart pleaded guilty to Count I, and the Government agreed to dismiss Counts II, III, and IV. The parties agreed that, based on Dysart's offense level of 31 and criminal history score of 11 (Level V), his Guidelines range was 168 - 210 months. (ECF No. 51, PageID 157, 166-174). But, in Section 2.B of the plea agreement, the parties also agreed that, "[i]f the Court finds: (1) that [Dysart's] criminal history category is higher than reflected on the attached worksheets . . . and if any such finding results in a guideline range higher that 168 - 210 months, the higher guideline range becomes the agreed range." (ECF No. 51, PageID 157). At his plea hearing, Dysart confirmed that he had reviewed his plea agreement with his attorney, that he had signed it, and that he did not have any questions about it or the attached worksheets. (ECF No. 74, PageID 294-295).

During the Probation Department's pre-sentence investigation, it scored Dysart's criminal history at 16 (Level VI), which increased his Guidelines range to 188 - 235 months. At the sentencing hearing, neither Dysart nor his attorney objected to the Probation Department's pre-sentence report. (ECF No. 73, PageID 267-268). The Court agreed with the Probation Department's scoring and (consistent with Section 2.B of Dysart's plea agreement) 188 - 235 months became the new agreed-upon range. The Court sentenced Dysart to 235 months' imprisonment. (ECF No. 66).

Dysart appealed, (ECF No. 67), but the United States Court of Appeals for the Sixth Circuit

dismissed his appeal because of his plea agreement's appeal waiver. (ECF No. 79).[1]

On August 5, 2019, Dysart filed his now-pending § 2255 motion. He raises two challenges to his conviction and sentence: (1) that his counsel was ineffective by not challenging the constitutionality of 18 U.S.C. § 1591; and (2) that his counsel was ineffective by not objecting to the Court's scoring of four criminal-history points for prior misdemeanor convictions.

## STANDARD OF REVIEW

Dysart's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Petitioners seeking to set aside their sentences pursuant to § 2255 must establish their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003). When

---

[1] While Dysart's appeal was pending, he filed a *pro se* § 2255 motion, (ECF No. 75) which the Court denied, without prejudice, as premature. (ECF No. 78).

a petitioner files a § 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

## ANALYSIS

Dysart raises two claims of ineffective assistance of counsel, the analysis of which are governed by *Strickland v. Washington*, 466 U.S. 688 (1984). "In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction . . . ." *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

To establish deficient performance, Dysart must show that his "counsel's representation fell below the objective standard of reasonableness." *Lint,* 542 F. App'x at 475 (citing *Strickland*, 466 U.S. at 688). Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Lint,* 542 F. App'x at 475-76 (citing *Strickland*, 466 U.S. at 689). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Thus, Dysart must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

4

To establish prejudice, Dysart must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "In the context of pleas, a defendant must show that the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. The likelihood of a different result "must be substantial, not just conceivable." *Lint*, 542 F. App'x at 476 (citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)).

**I.     Constitutionality of 18 U.S.C. § 1591**

Dysart was convicted under 18 U.S.C. § 1591, which criminalizes the sex trafficking of children. As relevant to this case, that section provides: "Whoever knowingly (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished [by a fine under this title and imprisonment for not less than 10 years or for life]."

Dysart argues that his counsel should have moved to dismiss this case because Congress's enactment of 18 U.S.C. § 1591 exceeded its enumerated authority and violated Michigan's sovereign rights, which are protected by the Tenth Amendment. He argues that his crime was "local in nature" and could have easily been prosecuted by the State of Michigan, instead of the federal government. Dysart argues that this enforcement of a federal statute for what he considers to be a "local crime" is a "unjustifiable expansion of federal law enforcement into the state-regulated domain."

5

Dysart's argument lacks merit. Courts have consistently held that 18 U.S.C. § 1591—which is limited by its clear language to sex trafficking that is "in or affecting interstate or foreign commerce"— is a valid exercise of Congress's Commerce Clause power. *See United States v. Evans*, 476 F.3d 1176, 1178-79 (11th Cir. 2007) (holding that 18 U.S.C. § 1591 is constitutional both facially and as applied to purely intrastate activities); *United States v. Campbell*, 111 F.Supp.3d 340, 345 (W.D.N.Y 2015) (collecting cases where courts have found § 1591 to be a valid exercise of Congress's Commerce Clause Power); *Smith v. United States*, 2018 WL 5809129 at *1 (W.D. Mich. 2018) (rejecting a nearly identical challenge to § 1591's constitutionality). In fact, the Sixth Circuit recently went so far as to state that no reasonable jurist could conclude that § 1591 exceeded Congress's Commerce Clause power. *Smith v. United States*, 2019 WL 978805 at *1 (6th Cir. 2019) (order denying habeas petitioner's motion for a certificate of appealability). Thus, the Court concludes that § 1591 is a valid exercise of Congress's enumerated power to legislate.

The existence of state law criminalizing the same conduct does not change this conclusion. As the Government notes, the dual-sovereignty doctrine allows a state and the federal government to separately prosecute a person for the same criminal conduct. *See Gamble v. United States*, 139 S.Ct. 1960, 1965 (2019). This well-established and recently reaffirmed doctrine necessarily contemplates that some state and federal criminal laws will overlap with each other. Dysart points to no authority upon which the Court could rely to conclude that such an overlap offends a state's sovereignty or the Tenth Amendment.

Because any motion to dismiss that challenged the constitutionality of § 1591 as beyond Congress's power to legislate would have been frivolous, counsel's failure to file such a motion cannot constitute ineffective assistance of counsel. *See United States v. Martin*, 45 Fed.Appx. 378,

381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.") (citing *Strickland*, 466 U.S. at 686-87, 104 S.Ct. 2052).

## II. Guidelines Challenge

Dysart argues that the Court mis-scored four criminal-history points for prior misdemeanor convictions under U.S.S.G. § 4A1.1(c). However, challenges to Guidelines calculations are generally not cognizable in § 2255 motions. *Snider v. United States*, 98 F.3d 183, 189 (6th Cir. 2018) ("[Petitioner's] non-constitutional challenge to his advisory guidelines range suffers from a greater defect: it is not cognizable under § 2255.").

Moreover, Dysart's characterization of his criminal-history score is not consistent with the Court's calculation. According to his pre-sentence report, he was only scored two points under § 4A1.1(c), not four. And Dysart provides no explanation for why these points, or any other points, were incorrectly scored. Accordingly, he has not shown that counsel's failure to object to this calculation was deficient or that he suffered prejudice. *See Martin*, 45 Fed.Appx. at 381-82.

## III. Certificate of Appealability

For the reasons above, the Court concludes that Dysart is not entitled to habeas relief. A certificate of appealability must issue before Dysart may appeal the Court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. As the Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Supreme Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, Dysart's § 2255 motion raised two grounds for relief. The Court concludes that reasonable jurists would not find the Court's assessment of these claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons stated above, the Court **DENIES** Dysart's § 2255 Motion.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: February 24, 2020